In re ALLIED CONST., Inc.
No. 21713.

District Court, W. D. Pennsylvania.
July 30, 1948.

James E Hindman, of Pittsburgh, Pa., and Ralph E. Smith, of Rowley & Smith, all of Ambridge, Pa., for petitioners.

Bernard Goodman, of Pittsburgh, Pa., for trustee.

Walter F. Michael, of Pittsburgh, Pa., for bankrupt.

WALLACE S. GOURLEY, District Judge.

This case presents a problem of conflicting jurisdiction between the State Court and the United States District Court for the Western District of Pennsylvania.

The matter comes before the Court on petition of James B. Clark, a creditor of the above bankrupt. It appears that on July 6, 1948, in the Court of Common Pleas of Beaver County, in an action brought by James B. Clark and other creditors, an order was entered by said Court appointing a receiver for Allied Construction, Inc. Said receiver duly qualified on July 7, 1948, and conferred with counsel for Allied Construction, Inc., and was assured of cooperation in the matter of the management and conduct of the affairs of said corporation.

On July 9, 1948, Allied Construction, Inc., filed a petition in voluntary bankruptcy in the United States District Court for the Western District of Pennsylvania. The Court appointed a receiver for said bankrupt estate and approved the employment of counsel for said receiver.

It is the contention of the creditor that since said corporation was in receivership in a state court, the Board of Directors of said corporation had no authority by resolution to authorize the execution of the petition in bankruptcy by the Secretary and Treasurer of Allied Construction, Inc.

It is requested that the order which approved the filing of the voluntary petition in bankruptcy, the appointment of a receiver and the appointment of legal counsel for the receiver, and the order directing the receiver appointed by the State Court to deliver the assets and property of the bankrupt estate to the receiver of the Federal Court be vacated for the following reasons:

(a) That after the Court of Common Pleas of Beaver County, Pennsylvania, at No. 13 June Term, 1948, issued its order appointing a receiver and after the said appointee qualified, Allied Construction, Inc.,

had no legal right to take corporate action of any kind whatsoever so that its petition in voluntary bankruptcy is a nullity.

(b) The officers of Allied Construction, Inc., are in contempt of the Court of Common Pleas of Beaver County, Pennsylvania, in attempting to take corporate action independently of the State Court receiver.

(c) That the petition in voluntary bankruptcy and the petition for appointment of receiver were presented without notice of the presentation thereof to the State Court receiver.

(d) That the State Court receiver is thoroughly familiar with the operations of the Allied Construction, Inc., and has at his command information, experience and ability which qualifies him to administer the affairs of the Allied Construction, Inc., and in addition he has the confidence and cooperation of the majority of the creditors of Allied Construction, Inc.

Counsel for the Federal Court receiver contends that the appointment of the State Court receiver was an act of bankruptcy on the part of Allied Construction, Inc., and that the Federal Court cannot be divested of its authority to administer the bankruptcy laws by a state court.

Question involved—may a corporation for which a receiver is appointed in a State Court file a petition in voluntary bankruptcy?

■ A corporation is not deprived of the right to file a petition in voluntary bankruptcy merely because its property was in the custody of a state court receiver. Struthers Furnace Company v. Hugh W. Grant, Receiver, 6 Cir., 30 F.2d 576.

■ It is earnestly contended by counsel for the petitioner that the purpose of filing the voluntary petition in bankruptcy was to escape the jurisdiction of the state court, and it is inferred that a fraud would be perpetrated upon the creditors if the state court is not permitted to proceed with the receivership. There is no allegation of fraud, however, in the petition.

If fraud did exist or had been established, I believe it would be the duty of the Court to vacate the orders which have been entered, but the mere endeavor to substitute federal for state control does not constitute fraud. Struthers Furnace Company v. Hugh W. Grant, Receiver, supra.

■■ There has been no evidence presented or are there any inferences which could be justifiably drawn that any fraud or irregularity exists in any particular as to the actions of Allied Construction, Inc., in filing the petition in voluntary bankruptcy. Furthermore, the receiver in the Federal Court and his legal counsel are well qualified and fully informed as to their responsibilities, and nothing has been presented to indicate that they will not administer their trust in a faithful, untiring and thorough manner.

The pendency of equity receivership proceedings in a state or federal court will not prevent a corporation from filing a petition in voluntary bankruptcy, nor is the corporation estopped because of participation in the equity proceeding. Moreover, the corporation may not be prevented by a state court injunction from availing itself of the Federal Bankruptcy Act, 11 U.S.C.A. § 1 et seq. Collier on Bankruptcy, 14th Ed., Vol. 1, Section 4, page 586; Harry Muffler, Receiver, et al. v. Petticrew Real Estate Company, 6 Cir., 132 F.2d 479, cert. den. 319 U.S. 766, 63 S.Ct. 1329, 87 L.Ed. 1715; Struthers Furnace Co. v. Hugh W. Grant, Receiver, supra.

In view of the foregoing, I believe that the petition to vacate the order in which Allied Construction, Inc., was adjudicated a bankrupt, a receiver appointed and his legal counsel, and to rescind the directive to the State Court receiver should be refused.

■ It is also urged that in the event the petition to vacate was denied, that as an alternative form of relief this Court should either substitute the appointment of the State Court receiver for the individual appointed as receiver by this Court, or appoint the State Court receiver as an additional Federal Court receiver. There is no basis in the record for this request, and this Court has absolute confidence in the receiver and his legal counsel which have been appointed. If any situation arises in which any creditor believes that the receiver and his legal counsel appointed by

this Court are not performing their duties in a fair, impartial, just and thorough manner, if the matter is called to the attention of the Court, a time will be set for hearing and appropriate attention given to the extent that the circumstances justify.

It is, therefore, ordered that the receiver and legal counsel appointed by this Court immediately proceed upon the functions and responsibilities of their appointment, and to extend all possible effort to promote the best interests and general welfare of all the creditors, as is their duty, in a fair and impartial manner.