**UNITED STATES of America,
Plaintiff,**

v.

**NORWOOD CAPITAL CORPORATION,
a South Carolina Corporation,
Defendant.**

**Civ. A. No. 67–468.**

United States District Court
D. South Carolina,
Greenville Division.

Aug. 18, 1967.

Margaret S. Rogers, Attorney, Small Business Administration, Washington, D. C., and Robert O. DuPre, Asst. U. S. Atty., Greenville, S. C., for plaintiff.

J. D. Todd, Jr., of Leatherwood, Walker, Todd & Mann, Greenville, S. C., for defendant.

HEMPHILL, District Judge.

Plaintiff in this action is one and the same as the Small Business Administration which was created by Congress in 1958.[1] It seeks a decision that United States Courts have exclusive jurisdiction over small business investment companies,[2] particularly defendant. Incidental to such decision plaintiff seeks relief in the form of injunction against all officers, agents, et cetera, to prevent disbursement of any of defendant's funds, the encumbering of defendant's assets or "further violating" the Small Business Act or its regulations, and urges that the Small Business Administration be appointed receiver to liquidate defendant. Other relief is sought, and is of no moment to this decision. Plaintiff insists that to effect the congressional intent of authority in SBA and exclusive jurisdiction of United States Courts, that all South Carolina State Court proceedings now in process and involving defendant be stopped and further progress enjoined. Defendant (receiver) argues that the Court of Common Pleas for Greenville County, South Carolina properly has jurisdiction, a receiver has been appointed and proper bond supplied, and that SBA has participated in the proceedings, has not appealed from adverse rulings on its motion to vacate the State Court appoint-

1. The Small Business Investment Act of 1958 (Public Law 85–699) signed into law August 21, 1958, and twice amended.

2. 15 U.S.C. § 681(a) provides: A small business investment company shall be an incorporated body, organized and chartered under State law solely for the purpose of performing the functions and conducting the activities contemplated under this subchapter, which has succession for a period of not less than thirty years unless sooner dissolved by its shareholders and possesses the powers reasonably necessary to perform such functions and conduct such activities. The area in which the company is to conduct its operations, and the establishment of branch offices or agencies (if authorized by the articles of incorporation), shall be subject to the approval of the Administration.

ment of the receiver. Through the courtesy of the office of Clerk of Court for Greenville County this court has been furnished the official records of proceedings there. A review of the same is appropriate to this determination.

It appears that J. W. Norwood, III, President and principal stockholder of defendant, on March 1, 1967 filed suit against defendant in the Court of Common Pleas for Greenville County, South Carolina, in which he alleged:

That heretofore, to-wit, on the 31st day of July, 1961, the Defendant sold to the Small Business Administration, an agency of the Federal Government, subordinate debenture in the sum of One Hundred Fifty Thousand Dollars ($150,000.00) with stated payments beginning ten (10) years after purchase and on the 29th day of January, 1962 executed and delivered a note and loan agreement unto the Small Business Administration whereby, for value received, agreed to pay to the Small Business Administration the sum of One Hundred Fifty Thousand Dollars ($150,000.00) on or before the 29th day of January, 1967.

That by the terms of the subordinated debenture the Small Business Administration has the right to declare the entire sum due and payable upon default of any obligation of the Defendant and the Defendant has been unable to make payment of the note due January 29, 1967.

That as of the 14th day of February, 1967 the Defendant was indebted to the Small Business Administration upon the debenture in the sum of One Hundred Thirty-seven Thousand, Five Hundred Thirteen and 89/100 Dollars ($137,513.89) and was indebted upon the said note in the sum of One Hundred Thirty-eight Thousand, Fifty-five and 56/100 Dollars ($138,055.56).

That the Defendant is indebted to the plaintiff for monies advanced in the sum of Three Thousand, Five Hundred Dollars ($3,500.00) and the further sum of Fourteen Thousand Dollars ($14,000.00) as an endorsee upon a note to Southern Bank and Trust Company.

That the plaintiff is informed, believes and alleges that the assets from the Defendant corporation have a value of less than One Hundred Fifty Thousand Dollars ($150,000.00).

He asks that a receiver be appointed and that he have judgment for the $17,500 allegedly due him. *On the same day,* March 1, 1967 [3] defendant answered admitting inability to pay its debts. On March 2 the State Circuit Judge appointed a receiver. On March 23rd the state judge issued a stay of proceedings to allow the United States (SBA) to intervene. On July 100, 1967 the State Court issued its order refusing SBA's motion to vacate the order of March 2 appointing receiver. Apparently SBA did not appeal from the order of July 10, 1967.

On July 19, 1967 plaintiff filed suit in the United States District Court asking the relief here pursued. Although the time for response or answer had not elapsed, attorney for the receiver graciously appeared at a hearing before this court in which plaintiff presented its "Motion to stay receivership proceedings in the State Court." Hearing was had July 20, 1967.

■ The Small Business Investment Act of 1958, as amended, 15 U.S.C. §§ 661 et seq. and 1345, prohibits the dissolution of, or forfeiture of its franchise or benefits, pending this court's adjudication of the above entitled action and vests this court with jurisdiction over the defendant and its assets, wherever located, pending such an adjudication.[4]

---

3. Section 10–641 S.C.Code for 1962 provides that a defendant, sued in Common Pleas State Courts, shall demur or answer within 20 days.

4. 15 U.S.C. § 687(d) provides: Should any small business investment company violate or fail to comply with any of the provisions of this Act or of regulations prescribed hereunder, all of its rights, privileges, and franchises derived therefrom may thereby be forfeited. Before any such company shall be de-

The jurisdiction of this court arises under those Acts of Congress and section 1345 [5] of the Judicial Code conferring jurisdiction on this court of all civil suits or proceedings commenced by the United States, or by any agency or officer thereof, expressly authorized by Congress to sue. Section 2283 of the Judicial Code (28 U.S.C. § 2283) gives authority to a court of the United States to grant an injunction to stay proceedings in a State court where such injunction is expressly authorized by Act of Congress, or where necessary in aid of the United States Court's jurisdiction, or essential to protect or effectuate its judgments.

Defendant, Norwood Capital Corporation, was incorporated and licensed solely for the purpose of operating under the Small Business Investment Act of 1958, as amended. Sections 308(d) and 311 of the aforesaid Act set forth the relief available to the Small Business Administration whenever SBA determines that a small business investment company is in violation of the Act and that its license be revoked and the small business investment company be removed from the small business investment program. In these circumstances, sections 308(d) [6] and 311 [7] vest this court

---

clared dissolved, or its rights, privileges, and franchises forfeited, any noncompliance with or violation of this Act shall be determined and adjudged by a court of the United States of competent jurisdiction in a suit brought for that purpose in the district, territory, or other place subject to the jurisdiction of the United States, in which the principal office of such company is located. Any such suit shall be brought by the United States at the instance of the Administration or the Attorney General.

15 U.S.C. § 687a (c) provides: Before suspending a license pursuant to subsection (a) of this section, or issuing a cease and desist order pursuant to subsection (b) of this section, the Administration shall serve upon the licensee involved an order to show cause why an order suspending the license or a cease and desist order should not be issued. Any such order to show cause shall contain a statement of the matters of fact and law asserted by the Administration and the legal authority and jurisdiction under which a hearing is to be held, and shall inform the licensee that a hearing will be held before the Administration at a time and place stated in the order. If after hearing, or a waiver thereof, the Administration determines on the record that an order suspending the license or a cease and desist order should issue, it shall promptly issue such order, which shall include a statement of the findings of the Administration and the grounds and reasons therefor and specify the effective date of the order, and shall cause the order to be served on the licensee.

5. 28 U.S.C. § 1345 provides: United States as plaintiff. Except otherwise provided by Act of Congress, the district courts shall have original jurisdic-

tion of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress.

6. 15 U.S.C. § 687(d).

7. 15 U.S.C. § 687c. Injunctions and other orders-Grounds; jurisdiction of court; preferred causes. (a) Whenever, in the judgment of the Administration, a licensee or any other person has engaged or is about to engage in any acts or practices which constitute or will constitute a violation of any provision of this chapter, or of any rule or regulation under this chapter, or of any order issued under this chapter, the Administration may make application to the proper district court of the United States or a United States court of any place subject to the jurisdiction of the United States for an order enjoining such acts or practices, or for an order enforcing compliance with such provision, rule, regulation, or order, and such courts shall have jurisdiction of such actions and, upon a showing by the Administration that such licensee or other person has engaged or is about to engage in any such acts or practices, a permanent or temporary injunction, restraining order, or other order, shall be granted without bond. The proceedings in such a case shall be made a preferred cause and shall be expedited in every way.

(b) In any such proceeding the court as a court of equity may, to such extent as it deems necessary, take exclusive jurisdiction of the licensee or licensees and the assets thereof, wherever located; and the court shall have jurisdiction in any such proceeding to appoint a trustee or receiver to hold or administer under the direction of the court the assets so possessed.

with jurisdiction to take care of and liquidate the offending licensee from the small business investment program.

Plaintiff insists that the receivership remedy afforded the plaintiff-creditor in the State court and that court's assertion of jurisdiction over the business and assets of the defendant, Norwood Capital Corporation, is incompatible with the statutory relief prescribed by Congress for the plaintiff in the above-entitled action.

■ If the suit in State court were one in which the forfeiture of the license was indicated by allegation, or prayer, of State court pleadings, the wording of the statute is such as to negate that power in the State court. Such is not the case. An examination of the authority of SBA is in order at this point in the court's consideration.

■ Small Business Investment Corporations are incorporated and licensed solely to operate under the Act and revocation of the license under section 308(d) forces a small business investment corporation to cease all business operations. Hence revocation forces the company to wind up its business affairs and liquidate. Moreover, violations of the Act or Regulations warranting the drastic remedy of license revocation are generally conduct which jeopardize the program funds of the small business investment corporation (both federal and private funds), whether through misuse or mismanagement of the funds,[8] and the Small Business Administration's

investment in a small business investment corporation is generally equal to, if not in excess of, the private investments, most of which has priority over all other indebtedness of the small business investment corporation (31 U.S.C. §§ 191 and 192). Therefore after an adjudication of violations, the Small Business Administration's investment or money judgment from a federal court, is best protected if liquidation occurs prior to the license revocation and if such liquidation is conducted under close regulatory control. In these circumstances, the final act of adjudication is revocation and a federal receivership to administer the assets during the 308(d) proceedings is a receivership to liquidate.

■ The legislative history of sections 308(d) and 311 is clear that the purpose of the federal receivership was to protect the assets pending the Small Business Administration's recovery on its investment, as well as to permit discovery of any past abuses of program funds. Under the original 1958 Act and except for its general relief as a government agency to sue in federal courts to enforce its creditor's rights, the only enforcement procedure available to the Small Business Administration was application to the federal courts for revocation of the license upon proof of a violation and issuance of a restraining order to enjoin existing violations. Experience showed, however, that revocation of the license simply abrogated the Small Business Administration's regulatory control over the licensee's operations.[9]

8. Defaults in payment in principal or interest due SBA (section 107.903 of the Regulations), capital impairment (section 107.303) inability to earmark eligible securities (section 107.903), self-deals, conflicts-in-interest (sections 107.715 and 107.716) are each a violation which will, and has, supported SBA's request for revocation of the licensee under section 308(d) and the equitable relief under section 311. To date over 50 complaints have filed in District Courts relying upon one of these violations to support the complaint and remedy requested. To date, upon an adjudication of such violations, no court has re-

fused SBA the relief sought under 308 (d) and 311.

9. These regulatory controls include regular examinations of the licensee's business records and the investigating and subpoena powers (section 309 of the Act); and penalties and personal liabilities of the officers and principal stockholders (sections 312, 313 and 314 and 315 of the Act). Revocation also triggers the loss of certain criminal statutes; i. e. 18 U.S.C. § 657, making it a crime for a principal of an SBIC to embezzle, or willfully misapply the funds of a licensee; 18 U.S.C. § 1006, making it a

In 1961, the Small Business Administration asked Congress to authorize the federal courts, upon a request by the Small Business Administration, "to take possession of the assets of violators and appoint trustees or receivers and manage the affairs of such SBIC's." [10] At the conclusion of these hearings, Congress granted the Small Business Administration's request for federal receivership, but, in such proceedings against offending SBICs, vested the federal courts with "exclusive" jurisdiction (preemptive control) over the offending SBIC and its assets; and gave the courts additional authority to enjoin future violations of the Act (section 311(a) of the Act). At this time, Congress also gave the Small Business Administration intermediate compliance authority against SBICs whose offenses did not merit, or would not support, revocation, but Congress specifically retained the power to revoke in the federal courts. [11]

In 1966, the Small Business Administration asked Congress to permit the Small Business Administration to be appointed as the federal receiver, pointing out the complexity of liquidating long-term debt or equity investments in small business concerns and the difficulty in finding receivers experienced in dealing with this type industry and sufficiently knowledgeable of the Act and the Small Business Administration's regulations to administer and liquidate an SBIC in accordance with the Act and Regulation. [12]

The 1966 amendments permit the Small Business Administration to be appointed receiver of such offending licensees (section 311(c) of the Act); and further authorize the Small Business Administration to revoke licenses through administrative proceedings in situations wherein the Small Business Administration does not need to invoke the protective relief of section 311, i. e. inactivity on the part of an SBIC which has no SBA money. (Such proceedings are, however, subject to the safeguards of the Administrative Procedure Act and review by the federal circuit courts.)

■■ A survey of the present status of affairs invites, commands, this court to use its equity powers. If the President is acquainted with laws and regulations governing his family owned Small Business Investment Company (and he is charged with that responsibility), he understands the authority Congress gave the Administration. The State court proceedings are not only highly suspicious under the circumstances, but effectively avoid the application and pursuit of the intent of Congress. This court is unwilling to say that United States courts have exclusive jurisdiction over all matters involving small business investment companies. This court does have responsibility to avoid circumven-

---

crime for a principal of an SBIC to make false book entries or other false statements, or to draw a payment with the intent to defraud the Government, or to benefit directly or indirectly from the foregoing Acts; and 18 U.S.C. § 1014, making it a crime if a portfolio company makes false statements to an SBIC for the purpose of influencing its action on a loan, or the extension of a loan, or the deferment of action. Revocation also triggers the loss to SBA of sections 1651 and 2283 (28 U.S.C. §§ 1651 and 2283) which enable federal courts to stay State court proceedings.

10. Statement of SBA· Administrator, John E. Horne, Senate Committee on Banking and Currency, 87th Cong. 1st Sess., Hearings on S. 902. See also House Comm. on Banking and Currency, 87th Cong., 1st Sess. Hearings on H.R. 6672.

11. The House of Representatives reported out its bill, H.R. 8870, which deleted section 308(d) from the Act and gave SBA the authority to revoke. The Senate reported S. 902, giving SBA administrative authority to issue cease and desist orders and suspend licenses, but specifically retained section 308(d) in the Act. The Senate version was adopted. (Conf.Rept. #51 to accompany S. 902). Congressional Record (Senate) September 14, 1961; Congressional Record (House) September 17, 1961.

12. Statement of SBA Administrator, Bernard L. Boutin, Hearings on S. 3695 before subcomm. No. 2, Sen. Committee on Banking & Currency, 89th Cong., 2d Sess.

tion of the regulatory control Congress intended in matters such as these.

Congress *has authorized* the courts to take exclusive jurisdiction, to such extent as it deems necessary.[13] The facts warrant such action here.

All proceedings in the State court are stayed and enjoined pending further order of this court.

The parties are directed to appear before this court on September 6, 1967, at Greenville, South Carolina, at 2:30 P.M. in the United States Court House, in the courtroom to present plans, names, or other information relevant to the appointment of a trustee or receiver as provided by 15 U.S.C. § 687c(b). The party appointed as State receiver is directed to appear.

And it is so ordered.