In re METROPOLITAN ADJUSTMENT BUREAU, a corporation, Metropolitan Adjustment Bureau, S. J., Inc., dba Metropolitan Adjustment Bureau, Debtors.

L. Scott McCLANAHAN, Appellant,

v.

METROPOLITAN ADJUSTMENT BUREAU, a corporation, Metropolitan Adjustment Bureau, S. J., Inc. dba Metropolitan Adjustment Bureau, Appellees.

BAP No. NC 81–1196 EKV.

Bankruptcy Nos. 481–02506W, 481–02507W.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued Feb. 19, 1982.

Decided July 14, 1982.

**68**

Roy S. Liebman, Deputy Atty. Gen., Dept. of Justice, Sacramento, Cal., for appellant.

Edward D. Jellen, Jellen & Holman, San Francisco, Cal., for appellees.

Before ELLIOTT, VOLINN and KATZ, Bankruptcy Judges:

## OPINION

ELLIOTT, Bankruptcy Judge:

The appellant, L. Scott McClanahan, was appointed by the Director of the Department of Consumer Affairs, State of California, as conservator of the above-named debtors and their collection agency businesses. The collection agencies then filed Chapter 11 petitions. McClanahan, represented by the Attorney General of the State of California, appeals from an order requiring McClanahan, as a custodian, to deliver all of the debtors' property to the trustee under 11 U.S.C. § 543(b)(1). We affirm.

## ISSUES ON APPEAL

1. Did the turnover order unlawfully interfere with the state's police and regulatory power in violation of 28 U.S.C. § 1478?

2. Was the turnover order improper because under state law the funds held in trust for the debtors' clients were not property of the estate or the debtors?

3. Did the trial court abuse its discretion in failing to permit the conservator to retain the funds per § 543(d)?

## I. INTERFERENCE WITH POLICE POWER

Prior to the filing of these Chapter 11 cases, the State of California filed a disciplinary action seeking to revoke the license of the debtors. In a separate proceeding, McClanahan was administratively appointed as conservator of the debtors under § 6904 of the California Business and Professions Code (B & P) upon the basis

that debtors had failed to pay sums owed to customers, misappropriated trust funds and were insolvent. That statute also provides that the conservator may continue the business of the collection agency including collection and liquidation of accounts.

The conservator's reliance on 28 U.S.C. § 1478(a) which provides for removal of claims to bankruptcy courts and excludes from removability claims involving governmental exercise of police or regulatory power is misplaced.

The administration of the debtors' assets by a trustee under the Bankruptcy Code rather than a state appointed conservator does not interfere with the state's police or regulatory powers. *In re Thomassen*, 15 B.R. 907 (Bkrtcy.App. 9th Cir. 1981) does not control since the State of California is free to proceed against the debtors' licenses. In any event, no claim or cause of action has been removed to the bankruptcy court.

## II. TURNOVER OF TRUST PROPERTY

McClanahan's principal argument is that the turnover order improperly forces him to give up property held in trust in which the debtors' estates have no interest. Under § 6904 of the B & P Code, prior to the filing of the Chapter 11 petitions McClanahan took possession of all the debtors' assets and took steps to receive the debtors' future revenues and mail.

Title 16 Cal. Administrative Code § 629, set forth in the margin, requires collection agencies to deposit proceeds of claims assigned by customers for collection into a trust account and permits disposition of those funds only with respect to certain categories of claims including, among others, amounts owed to customers. Section 629(b) requires that there be sufficient funds in the trust account at all times "to pay all moneys owing to all customers." McClanahan argues that all the funds received by him, including those received after the date of the Chapter 11 petition, are subject to the trust created by that provision of California law.

It is clear from McClanahan's arguments that he intends to apply all funds held by him including those diverted to him as conservator after the filing of the Chapter 11 petitions to make-up the alleged "shortfall" in the trust accounts. McClanahan argued before the bankruptcy court that § 629, "not only establishes the requirement that a licensee establish a trust account, but provides a detailed priorization of how disbursements from said trust accounts shall be made." *Appellant's Excerpts of Record* at 10. In other words, McClanahan's argument is that § 629 creates a trust whose beneficiaries include not only the licensee's customers but those noncustomers who hold claims of the type § 629(b) permits to be paid from the trust account. More importantly, McClanahan clearly intends to treat the categories of permissible payees as priorities in the event of "shortage" in the account. Thus, McClanahan argues:

> [T]he only interest in the trust moneys that Section § 629 provides the collection agency is that which may accrue to it after all previous priorities on the money are satisfied. Therefore, it axiomatically follows that if the trust account has been depleted to the point where the superior priorities cannot be satisfied, the collection agency has no interest in the money in the trust account unless and until the deficit in the trust account is eliminated.

*Appellant's Excerpts of Record* at 13.

Thus, it is because the licensee's right to receive payment from the account is listed last that McClanahan argues the debtors, and hence the estates, have no interest in the trust account.

The trustee argues that such a procedure recognizes either an invalid system of "disguised" state priorities or a set of statutory liens voidable under § 545(1)(C) or (E). Although *Elliott v. Bumb*, 356 F.2d 749 (9th Cir. 1966), and *In re Leslie*, 520 F.2d 761 (9th Cir. 1975) are particularly instructive in this regard, the correctness of McClanahan's interpretation of § 629(b), and the validity, nature and extent of the trust relationship created by the collection agency licensing scheme where bankruptcy intervenes, is not before us. We emphasize

that the extent to which the bankruptcy court may authorize the use of the trust funds in the operation of the business is also not before us. The only issue before us is the propriety of the turnover order. The conservator's arguments must be viewed in light of that fact.

McClanahan argues that the debtors had neither "legal" or "equitable" title to the trust accounts. He also argues that at the date of the petition, debtors had no possessory right in the funds. At the time of the hearing before the trial court, McClanahan did not dispute that he was a "custodian" within the meaning of § 101(10). McClanahan's status as a "custodian" for the purposes of § 101(10) and § 543 was one of the considerations noted by the trial court in its turnover order. He now argues before this panel that he is not a "custodian." The argument raised at this stage will not be considered. *Matter of Albin*, 591 F.2d 94, 97–98 (9th Cir. 1979).

Given that McClanahan is a custodian within the meaning of § 101(10), it follows that the turnover order was proper. Even if some of the property is subject to a trust valid in bankruptcy, the debtors had legal title to some and legitimate possession of all the property at the commencement of the conservatorship. Because a § 101(10) type "custodian" normally controls all assets of the debtor, property of the debtor subject to turnover under § 543 must be read to reach all interests of the debtor superseded by the custodian at the commencement of his custodianship else § 543 would seldom, if ever, reach any property at all. This clearly includes the debtors' possessory and legal interest in property even where the debtor does not have an equitable interest. *See* § 541(d).

*In re Teltronics*, 649 F.2d 1236 (7th Cir. 1981), decided under the prior Bankruptcy Act and cited by McClanahan, is not on point even if its principles are valid under the Bankruptcy Code. In *Teltronics*, the court concluded that the debtor had no legitimate interest in the property in question because the property had been obtained by fraud. In the court's view, the existence of the fraud had been judicially established and thus the fact that the property did not belong to the debtor was established by collateral estoppel. Here the debtors held legal title and their possession interest was legitimate. There has been no finding of fraud.

## III. DISCRETION

There is no evidence that the trial court abused its discretion in refusing to permit the conservator to stay in possession of the business. Under state law, the conservator's concern is not for the creditors of the debtors as a whole, but rather, for the customers of the collection agencies. The alleged misdeeds of the debtors recited by McClanahan are not relevant to the turnover issue. Here the bankruptcy court ordered turnover to the trustee in these cases not to the debtors. The trustee is an independent party appointed by the bankruptcy court acting under its supervision and subject to fiduciary obligations.

The trustee's responsibilities are to the creditors as a whole. The custodian's portrayal of the problem as one pitting the public interest against the debtors' misdeeds masks the conflict between the customer creditors and the non-customer creditors. The existence of the dispute regarding McClanahan's manifested interpretation of § 629(b) as a priority system attaching to both pre and post-petition receipts, the fact that the conservator refuses to act to protect all of the creditors of the debtors, and the fact that there is no evidence that as a practical matter, continuation of the custodianship will be in the best interests of the creditors as a whole, all provide a basis for the trial court having properly exercised its discretion under § 543(d).

## FRIVOLOUS APPEAL

We do not view all of McClanahan's arguments as frivolous and accordingly decline to impose sanctions.

AFFIRMED.