In re KREISERS, INC., a South Dakota corporation, Debtor.

David H. LARSON, Movant Receiver,

v.

KREISERS, INC., a South Dakota corporation, Respondent Debtor.

Bankruptcy No. 89–40619–PKE.

United States Bankruptcy Court,
D. South Dakota, S.D.

April 18, 1990.

Robert E. Hayes, Davenport, Evans, Hurwitz & Smith, Sioux Falls, S.D., for movant receiver David H. Larson.

J. Bruce Blake, Sioux Falls, S.D., for respondent debtor Kreisers, Inc.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

### ACTION

David H. Larson filed a motion to dismiss Kreisers, Inc.'s (Kreisers'), voluntary Chapter 11 bankruptcy petition as being filed in contravention of the Minnehaha County Circuit Court's (state court's) order appointing Leo Flynn as receiver of Kreisers. David Larson maintains the state court ap-

pointed receiver displaces Kreisers' directors' authority and that Kreisers violated the state court's previous injunction that Kreisers only operate in the normal course of business. Kreisers' directors argue they could act on a corporate resolution to file bankruptcy and that Kreisers' appeal of the state court's decision renders the receivership appointment invalid. After considering the evidence, arguments, court file, and controlling precedent, the Court denies David Larson's motion to dismiss.

The instant matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). This Court has jurisdiction under 28 U.S.C. § 1334. This memorandum constitutes findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure and Bankruptcy Rule 7052.

### FACTUAL BACKGROUND

Kreisers, a South Dakota corporation since about 1905, is in the business of wholesale medical, surgical, hospital, and physician supplies and equipment sales, retail home care products, and rentals. Kreisers' officers are: President, Harold L. Larson; Vice President, Keith M. Brown; and Secretary, Verlyne J. Larson.

David Larson commenced suit against Kreisers in the state court on February 20, 1987. The Court takes notice that the jury of the state court proceeding returned a verdict awarding $1,225,315 in favor of David Larson against Kreisers on November 21, 1989. David Larson proceeded to seek putting Kreisers into receivership. On November 29, 1989, the state court issued an injunction enjoining Kreisers, its officers, and directors from doing anything other than operate Kreisers in the usual course of business until receivership issue adjudication occurred.

The state court denied Kreisers' motion for a new trial on December 21, 1989. Kreisers appealed. The next day, the state court heard argument on receivership. The December 22, 1989, hearing resulted in appointment of Leo Flynn as receiver when it became evident that Kreisers was poised to file bankruptcy if a receiver was appointed. Motions Hearing TR., 45–50. The

state court judge held Kreisers lacked the power to file bankruptcy since a receiver was appointed. Motions Hearing TR., 50. The December 22, 1989, state court receivership hearing ended at 12:08 p.m.

Kreisers' officers acted while the state court decided Kreisers' fate. A special meeting of directors on December 21, 1989, resulted in a resolution authorizing the corporation to file bankruptcy. Kreisers initiated a voluntary petition for Chapter 11 reorganization on December 22, 1989, at 12:25 p.m. No authorization was sought, nor given, from either the state court or Kreisers' receiver to initiate the Chapter 11 filing. The filing of the Chapter 11 voluntary bankruptcy petition by Kreisers' resolution interferes with the state court's injunction requiring Kreisers to act only in the ordinary course of business and interferes with the receiver's possession of Kreisers' assets by restraining the receiver from action in the receivership proceeding.

## ISSUE

The extent of authority, if any, remaining in Kreisers' officers and directors to act on behalf of the corporation in authorizing and filing a voluntary Chapter 11 petition subsequent to a state court issuing an injunction that Kreisers' officers and directors act only in the normal and usual course of business but prior to the issuance of a state court's receivership appointment for Kreisers.

## DISCUSSION

David Larson's argument in support of dismissal is that, upon appointment of a receiver, Kreisers' officers and directors were divested of their authority and all such power vested in the receiver. David Larson relies on *United States v. Royal Business Funds Corp.*, 29 B.R. 777 (D.C.N.Y.1983), *aff'd*, 724 F.2d 12 (2d Cir.1983), for the contention that state court receivership prevents corporate officers and directors from filing a Chapter 11 petition on behalf of the corporation. In *Royal*, a federal district court dismissed a bankruptcy petition because Congress, pursuant to 15 U.S.C. § 687c, permits a federal court to take exclusive jurisdiction when dealing with certain Small Business Administration (SBA) investments. *Id.* at 780, and 14–15. Not one material reason prompting the decision to deny the bankruptcy petition in *Royal* appears in the instant matter. Kreisers' schedules do not list the SBA as a creditor, so the exclusive federal jurisdiction statute is inapplicable. Another distinction is that in *Royal*, the debtor originally stipulated to receivership in a federal court and received fresh SBA capital. *Id.* Kreisers, however, aggressively resisted state court receivership appointment. *Royal* does not support David Larson's motion to dismiss Kreisers' bankruptcy petition because the circumstances are dissimilar.

The Court, like David Larson at the hearing, has not unearthed any statutory or decisional law to support the contention that a state court receivership generally bars bankruptcy filing. Perhaps this is so because the argument runs so blatantly against the statutory right of a debtor to the privileges of the national statute on bankruptcies and the inherent prohibition against any bar by any other authority to the exercise of that right. *Jordan v. Independent Energy Corp.*, 446 F.Supp. 516, 525–30 (N.D.Tex.1978); *Matter of Greater Atlanta Apartment Hunter's Guide, Inc.*, 40 B.R. 29, 31 (Bankr.N.D.Ga.1984).

It is axiomatic that both federal and state laws must be consistent with the United States Constitution. U.S. Constitution article VI, in pertinent part, states: "This [United States] Constitution, and the Laws of the United States which shall be made in Pursuance thereof; ... shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." This article VI doctrine, known as the supremacy clause or simply supremacy, requires a state action be declared unenforceable where valid federal legislation preempts state authority. *See Blum v. Bacon*, 457 U.S. 132, 102 S.Ct. 2355, 72 L.Ed.2d 728 (1982). Valid federal statutes are declared to be the supreme law of the land.

U.S. Constitution article I, § 8, in pertinent part, provides that: "The Congress shall have Power … To establish … uniform Laws on the subject of Bankruptcies throughout the United States; …." Congress uniformly legislates bankruptcy matters, and the federal bankruptcy courts serve as the trial courts adjudicating insolvencies. *See* 11 U.S.C. § 101, *et seq.;* 28 U.S.C. § 1334. In matters of bankruptcy, the jurisdiction of the federal court is essentially exclusive. *In re Watts,* 190 U.S. 1, 23 S.Ct. 718, 47 L.Ed. 933 (1903); *Jordan,* 446 F.Supp. at 525. Preemption mandates Congress and the federal court system maintain exclusive jurisdiction of deciding who can and cannot be a bankrupt.

Comity demands treading lightly on court orders appointing receivers. To insure comity between federal and state courts, Congress prohibits federal courts from enjoining a state court proceeding, except where necessary to aid in its jurisdiction or where specifically authorized by statute. 28 U.S.C. § 2283; *see Juidice v. Vail,* 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977). The expressly authorized exemption in 28 U.S.C. § 2283 includes a bankruptcy court's equitable power to do whatever is necessary to aid in its jurisdiction. *See In re Baptist Medical Center of N.Y.,* 80 B.R. 637 (Bankr.E.D.N.Y.1987); *In re Brown,* 39 B.R. 820 (Bankr. M.D.Tenn.1984).

28 U.S.C. § 2283, as interpreted by the courts, articulates the scope of power the bankruptcy court possesses and a policy of controlled restraint. *See First Alabama Bank of Montgomery, N.A. v. Parsons Steel, Inc.,* 825 F.2d 1475 (11th Cir.1987), *cert. denied,* 484 U.S. 1060, 108 S.Ct. 1015, 98 L.Ed.2d 980 (1988); *In re Fidelity Am. Fin. Corp.,* 63 B.R. 995 (Bankr.E.D.Pa. 1986); *In re Federal Shopping Way, Inc.,* 19 B.R. 747 (Bankr.W.D.Wash.1982). The instant matter involves the statute to the extent that 11 U.S.C. § 362(a)'s automatic stay suspended Kreisers' matter in state court. In determining whether to disturb Kreisers' state court receivership, the Court weighs comity factors such as 28 U.S.C. § 2283, case law, and that, historically, even federal court receiverships rare-

ly bar bankruptcy filings. *Royal,* 29 B.R. at 779, 724 F.2d at 16; *Jordan,* 446 F.Supp. at 530. Also, the movant has not suggested dismissal is in the best interests of creditors and the debtor pursuant to 11 U.S.C. § 305. The Court holds that it must actively apply federal bankruptcy statutes and precedent in adjudicating whether a state court's receivership appointment bars Kreisers' directors and officers from filing a bankruptcy petition.

Both the Bankruptcy Act and the Bankruptcy Code manifest Congress' intent to confer the rights of bankruptcy upon all corporations except those specifically excepted from its operation. *In re Donaldson Ford, Inc.,* 19 B.R. 425, 429–31 (Bankr. N.D.Ohio 1982). The pre–1978 Bankruptcy Act, § 4 provided that "[a]ny [every] person, except a municipal, railroad, insurance, or banking corporation or a building and loan association, shall be entitled to the benefits of this Act as a voluntary bankrupt." This language is broad and comprehensive so as to give all but those excepted the right to file bankruptcy. Such strongly conferred rights and privileges cannot be abridged by any power save that which created them. *Donaldson,* 19 B.R. at 429. The right to file a bankruptcy petition is logical, legal, and equitable. *Id.* To hold otherwise would cause a great injustice, depriving those who might be entitled to rights granted by Congress.

The Bankruptcy Code, in salient part, states that, "Only a person that may be a debtor under chapter 7 of this title, except a stockbroker or a commodity broker, and a railroad may be a debtor under chapter 11 of this title." 11 U.S.C. § 109(d). The bankruptcy statute's definition of a person in 11 U.S.C. § 101(35) does not exclude a corporation organized to sell health care devices. A person, for Chapter 7 purposes, includes a corporation such as Kreisers. Kreisers meets the Bankruptcy Code's requirements to be a Chapter 11 debtor.

The Bankruptcy Code, like the Bankruptcy Act, contains no evidence of a Congressional intent to the question of the authority of directors and officers to act on behalf of a corporate debtor notwithstanding a

**1000**

blanket injunction or receivership. *Donaldson*, 19 B.R. at 431. The absence of a Congressional restriction on the right to access voluntary bankruptcy indicates Congress' intent to confer the privileges and rights of bankruptcy upon all corporations unless expressly excepted. *Jordan*, 446 F.Supp. at 527. An order restricting bankruptcy court access, other than specifically provided by Congress, would not be in the public interest. *Id.* at 529–30. The Court finds the same logic and legal and equitable reasoning of broad acceptance of bankrupts under the Bankruptcy Act applicable to the Bankruptcy Code.

■ Overwhelming authority holds that, generally, corporate officers and directors may enact a resolution authorizing bankruptcy despite a receiver being appointed. *Jordan*, 446 F.Supp. at 524; *see In re S & S Liquor Mart, Inc.*, 52 B.R. 226 (Bankr.D.R.I.1985); *Greater Atlanta*, 40 B.R. at 29; *Donaldson*, 19 B.R. at 430; 1 *Collier on Bankruptcy* ¶ 405, at 586 (14th ed. 1976). Neither a state court injunction nor the pendency of a state receivership can bar the filing of an otherwise permitted bankruptcy due to the grant of the exclusive bankruptcy jurisdiction to the federal courts and the constitutional principle of supremacy. *Royal*, 29 B.R. at 779, 724 F.2d at 13; *see In re Safren*, 65 B.R. 566 (Bankr.C.D.Cal.1986).

■ One may file for bankruptcy unless the debtor meets one of Congress' narrowly tailored exceptions, conducts fraud on a federal court, or is involved with a federal receivership substantially underway. *Royal*, 29 B.R. at 780, 724 F.2d at 14; *see SEC v. Bartlett*, 422 F.2d 475 (8th Cir.1970); *Zeitinger v. Hargadine–McKittrick Dry Goods Co.*, 244 F. 719 (8th Cir. 1917); *In re Starbuck, Inc.*, 14 B.R. 134 (Bankr.S.D.N.Y.1981). The Court need not apply these exceptions because Kreisers involves neither a federal exemption, nor a federal court receivership, nor fraud, and the receivership is still in its embryonic state. Kreisers' officers and directors could pass a resolution to file bankruptcy despite state court orders not to do so.

Congress contemplates debtors who are subject to a functioning receivership filing bankruptcy by its enactment of bankruptcy statutes expressly addressing receivership-bound debtors. *See* 11 U.S.C. §§ 101(10), 543; *In re Metropolitan Adjustment Bureau*, 22 B.R. 67 (Bankr. 9th Cir.1982). Receivers are defined as custodians under 11 U.S.C. § 101(10). A requirement of receivers to turn over property exists in 11 U.S.C. § 543. Congress, through this turnover provision, recognizes that circumstances exist whereby an entity operating under a functioning receivership could file bankruptcy and remove the receiver. *See In re Carole's Foods, Inc.*, 24 B.R. 213 (Bankr. 1st Cir.1982); *In re Watkins*, 63 B.R. 46 (Bankr.D.Colo.1986); *In re Queen City Grain Co.*, 32 B.R. 346 (Bankr.S.D. Ohio 1983). Whether filed by a receiver or other entitled party, the bankruptcy court is equipped to accept debtors in receivership, just as the bankruptcy court is empowered to invalidate erroneous receiverships.

■ Federal considerations aside, state law upholds the right of Kreisers' officers and directors to pass a resolution to file bankruptcy despite the pending receivership. Corporate management maintain their authority until the corporation is placed in receivership. *Greater Atlanta*, 40 B.R. at 32; *see* S.D.C.L. § 47–5–1, *et seq.* A receiver cannot perform his duties until approved and sworn in by the court. S.D. C.L. § 21–21–8. Kreisers' bankruptcy resolution passed before the court appointed Leo Flynn as receiver. Kreisers' board, operating free from the yoke of receivership, was empowered to pass a resolution for bankruptcy. Federal law not considered, the directors were not divested of their powers under state law until after resolution ratification occurred. Neither did the state court extinguish Kreisers' directors' authority. The act of physically filing the petition, once the resolution passed, may be viewed as part of carrying out the prereceivership appointment resolution to file bankruptcy.

■ Receivership appointments are effective unless there is an abuse. *See La-*

*sell v. Yankton Cty.,* 69 S.D. 66, 69, 6 N.W.2d 439, 440 (1942). A state court's receivership appointment for the express purpose of restraining an entity, which otherwise would be allowed to seek the refuge of the bankruptcy court, from filing bankruptcy is an intolerable abuse. Because the effect of the state court's order prevented Kreisers from filing bankruptcy, that order is invalid. Whether an appeal of a receivership appointment prevents receivership until appeal adjudication is left to the South Dakota Supreme Court because this Court finds other grounds dispositive of David Larson's motion to dismiss.

This Court will enter an appropriate order.