Steven M. Hamburg, Clayton, Mo., for receiver.

James P. Jennings, Receiver.

Sharon E. Burke, St. Louis, Mo., for debtor.

A. Thomas DeWoskin, Clayton, Mo., for trustee.

## MEMORANDUM

JAMES J. BARTA, Bankruptcy Judge.

The matter under consideration here is a motion for the payment of fees, filed by the pre-bankruptcy receiver in this matter. The motion requests compensation for the receiver's services in the amount of $1,100.00; and compensation for the services of the receiver's counsel in the

**In the Matter of NORTH PORT DEVEL-
OPMENT COMPANY, Debtor.**

**Bankruptcy No. 82–01932(3).**

United States Bankruptcy Court,
E.D. Missouri, E.D.

Nov. 10, 1983.

amount of $2,575.80. A brief reference to the applicable federal law is appropriate prior to a discussion of the facts in this case:

The commencement of a case under Title 11 of the Bankruptcy Code has two broad effects upon the activities of a non-bankruptcy receiver: the receiver's administration of the debtor's property is to cease; and the receiver is to turn the debtor's property over to the trustee or debtor-in-possession.[1] The Bankruptcy Court is then directed to provide reasonable compensation for services rendered and costs and expenses incurred.[2] The receiver's compensation for services, and the allowance of actual and necessary expenses are granted and administrative priority pursuant to 11 U.S.C. § 503(b)(3)(E). Compensation for the services of the receiver's attorney is also granted an administrative priority, pursuant to 11 U.S.C. § 503(b)(4).[3]

The intention of the Bankruptcy Code is clear. Upon learning of the commencement of a bankruptcy case, the receiver (custodian) is to interrupt his administration upon the debtor's property except as may be necessary for its preservation.[4] Other than the requirement of preservation, the receiver may take no other action unless specifically authorized by the Bankruptcy Court after notice and a hearing.[5] The Bankruptcy Court may also permit certain pre-petition activities to be concluded if the non-bankruptcy appointing court had entered a specific order. This statutory intent is consistent with the general purpose of the Bankruptcy Code: to provide one forum for the resolution of matters leading to reorganization or liquidation.

The record in this case indicates that the receiver was notified of the pending bankruptcy case by the counsel for the then alleged debtor on September 1, 1982. On

---

1. 11 U.S.C. § 543. Turnover of property by a custodian.

(a) A custodian with knowledge of the commencement of a case under this title concerning the debtor may not make any disbursement from, or take any action in the administration of property of the debtor, proceeds of such property, or property of the estate, in the possession, custody, or control of such custodian, except such action as is necessary to preserve such property.

(b) A custodian shall—

(1) deliver to the trustee any property of the debtor transferred to such custodian, or proceeds of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case; and

(2) file an accounting of any property of the debtor, or proceeds of such property, that, at any time, came into the possession, custody, or control of such custodian.

2. 11 U.S.C. § 543. Turnover of property by a custodian.

(c) The court, after notice and a hearing, shall—

(2) provide for the payment of reasonable compensation for services rendered and costs and expenses incurred by such custodian.

3. 11 U.S.C. § 503. Allowance of administrative expenses.

(b) After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including—

(3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by—

(E) a custodian superseded under section 543 of this title, and compensation for the services of such custodian;

(4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant.

4. 11 U.S.C. § 101. Definitions. In this title—

(10) "custodian" means—

(A) receiver or trustee of any of the property of the debtor, appointed in a case or proceeding net under this title.

5. 11 U.S.C. § 543. Turnover of property by a custodian.

(d) The bankruptcy court may, after notice and a hearing, excuse compliance with subsection (a), (b), or (c) of this section, if the interests of creditors, and, if the debtor is not insolvent, of equity security holders, would be better served by permitting a custodian to continue in possession, custody, or control of such property.

September 8, 1982, counsel for the receiver was mailed a copy of the order for relief which also set a hearing date to take up the debtor's request for the delivery of certain information. On April 13, 1983, after the case had been voluntarily converted to a Chapter 7 proceeding, the trustee filed an adversary proceeding against the receiver to compel turnover of estate assets which were allegedly still in the receiver's possession. The complaint was later dismissed when all requests had been satisfied.

I

The receiver's motion for fees indicates that between July 13, 1982, and May 17, 1983, he expended 18 hours of time at a rate of $50.00 per hour.[6] In a letter dated April 25, 1983, and filed with the Court on October 27, 1983, the receiver described his activities through June 24, 1982, when a "subreceivership" was established by the non-bankruptcy court. The record contains no other description of the nature of the receiver's services since June 24, 1982, except for a general statement in the motion for fees filed on May 17, 1983.[7] The Court is aware, however, of the receiver's personal appearance during two hearings in this case, when the debtor and the trustee were attempting to compel delivery of assets. There is nothing else in this record upon which the Court may determine that the receiver performed post-June 23, 1982 services, or post-bankruptcy services, to preserve the estate property or upon an order of the Bankruptcy Court.

 To the extent, however, that the receiver expended and was not otherwise compensated for a bond premium in the amount of $250.00; and to the extent that his personal appearances in the Bankruptcy Court were beneficial to the debtor and to the trustee, the Court will allow reimbursement of the premium as a necessary cost, and compensation for three and one-half (3½) hours of time in connection with these hearings.

II

Counsel for the debtor has requested compensation in the amount of $2,572.80 for services rendered by three members of his law firm. In support of this request, counsel has filed several pages of computer printouts which describe activities such as "telephone conferences with client," "prepare motion," and "telephone-adverse party." It is axiomatic that the cost of arguing a request for compensation for legal services should not inflate the amount of such compensation. However, the record must contain some basis upon which the Court may decide the reasonableness of the fee award.

 This reasonableness requirement is emphasized in the present instance because the federal law does not anticipate compensation to a receiver's counsel, except to the extent that the receiver's expenses have been allowed in connection with preservation of estate property or by order of the Bankruptcy Court.[8] There is nothing in this file which indicates that the debtor-in-possession or the trustee retained the receiver's attorney as special counsel, that the lawsuits mentioned in the fee application were of any benefit to the bankruptcy estate, or that the post-bankruptcy services were ordered by the Bankruptcy Court. The Court again recognizes that counsel appeared in Bankruptcy Court on behalf of the receiver on at least two occasions in this case. To the extent that those hearings were not for the purpose of opposing requests for turnover pursuant to Section 524, or in support of these fee applications, compensation will be allowed for two and one-

---

6. Both the receiver and his counsel had been compensated for all services prior to July 13, 1982.

7. Paragraph 4 of this motion reads as follows: That since that time, the Receiver and the Receiver's attorneys have expended additional

time relating to the North Port Development Company, including but not limited to the Federal Bankruptcy proceedings.

8. During the first hearing at which the receiver appeared, the Court, from the bench, referred to the requirements of 11 U.S.C. § 524.

half (2½) hours of time as being in connection with preservation of estate property.

In addition, the computer time sheets reflect that between July 14, 1982, and September 1, 1982 (debtor's notice of bankruptcy to the receiver), counsel performed services and expended costs on behalf of the receivership which were not otherwise compensated. Such amounts will be allowed as necessary costs in the bankruptcy case prior to the receiver's knowledge of this proceeding.