**In re Billy Joe WATKINS, Debtor.**

**Bankruptcy No. 86 B 2585 G.**

United States Bankruptcy Court, D. Colorado.

June 9, 1986.

Virginia Moses Dalton, T. Edward Iceno-gle, Calkins, Kramer, Grimshaw & Har-ring, Denver, Colo., for Billy Joe Watkins.

Michael L. Pederson, Rider & Woulf, P.C., Aurora, Colo., for Federal Land Bank of Wichita.

## MEMORANDUM OPINION
## AND ORDER

C.E. MATHESON, Bankruptcy Judge.

THIS MATTER came before the Court on the Motion of The Federal Land Bank of Wichita ("the Land Bank") seeking an or-der of this Court pursuant to § 543(d) of the Code to excuse a turnover of certain property of the Debtor which was in the hands of a State Court Receiver at the time of the filing of the within Chapter 11 case.

The Debtor in this case is the owner of farm land which had been encumbered in favor of the Land Bank to secure certain loans and advances made by the Land Bank to the Debtor. Prior to the filing of this Chapter 11, the Land Bank had commenced foreclosure of its mortgages in the State Court. As part of the foreclosure proceed-ing, it had obtained the appointment of a Receiver. The Receiver had taken posses-sion and control of the farm, had entered into management agreements with the Land Bank and had generally taken over management and control of the farm.

This case was filed on March 28, 1986. On the date of filing counsel for the Debtor wrote the State Court Receiver and made demand under Bankruptcy Code § 543 for the Receiver to immediately relinquish pos-session and control of the farm to the Debt-or. Thereafter, on April 4, 1986, counsel for the Land Bank wrote the Receiver. In the letter the Receiver was advised that he was a "custodian" under the provisions of § 543(a) of the Code. The Receiver was also advised that "unless and until ordered

otherwise by the Bankruptcy Court, it is your responsibility to deliver any such property in your possession, custody or control to the ... Debtor-In-Posses-sion...." The Receiver was advised that his compliance with the turnover could be excused after notice and a hearing pursu-ant to the provisions of § 543(d) of the Code and was told that the Land Bank was in the process of preparing a motion to excuse compliance under that provision of the Code. After receipt of the letter from counsel for the Land Bank, the Receiver filed a letter with the State Court pursuant to which he confirmed that he "hereby returns possession and control of the Wat-kins' property to Billy J. Watkins." There-after, on April 11, 1986, the Land Bank filed its motion praying that this Court confirm the appointment of the Receiver and praying that this Court permit the Re-ceiver "to continue as custodian for the property...."

Section 543 of the Bankruptcy Code does require a "custodian" to deliver to the Debtor any of the Debtor's property held by the custodian at the time of the filing of the bankruptcy case. That section, how-ever, does not specify a time within which the turnover must be effected. Section 543(d) then specifies that after notice and a hearing the Bankruptcy Court "may excuse compliance" with the turnover require-ments if the interest of creditors would be better served "by permitting a custodian to continue in possession, custody, or control of such property, ...."

In the instant case, by the time the attorneys for the Land Bank had filed their motion under Code § 543(d) the Receiver had already surrendered possession and control of the property to the Debtor. Having complied with the mandate of § 543(d), this Court cannot now excuse compliance and since the custodian is no longer in possession, this Court cannot per-mit the custodian to "continue in posses-sion." This Court cannot revest adminis-tration of the Debtor's property in the hands of a receiver whose interest in the property has already terminated, whether

it has terminated for a day or two or for several months.

The Land Bank has advanced a variety of disingenuous arguments in support of its position that this Court can now reinstate administration of the Debtor's property in the State Court Receiver. For example, the Land Bank argued that the Receiver by surrendering the property did not terminate the receivership and that in fact the property remains in *custodia legis* of the State Court until that Court terminates the receivership. That argument simply ignores the express provisions of 28 U.S.C. 1334(d) which specifies that the Bankruptcy Court "shall have exclusive jurisdiction of all of the property wherever located, of the debtor as of the commencement of such case, and of the estate." Since the Constitution of the United States mandates that only Congress shall have power to enact legislation concerning bankruptcy, the Federal Enactment overrides any jurisdiction or authority of the State Court over the property unless excused by the Bankruptcy Court pursuant to Code § 543(d). U.S. Const. art. I, § 8, cl. 2. *In re Watts*, 190 U.S. 1, 23 S.Ct. 718, 47 L.Ed. 933 (1903);. *In re North Port Dev. Co.*, 36 B.R. 19 (Bkrtcy.Mo.1983); *In re Queen City Grain Co.*, 32 B.R. 346 (Bkrtcy.Ohio 1983); and *Rossi v. Colorado Pulp and Paper Co. et. al.*, 88 Colo. 461. 299 P. 19 (1931).

The Land Bank argued that the true custodian of the Debtor's property was not the party named as the custodian but was in fact the District Court of Arapahoe County. That position is, of course, directly contrary to the letter written by counsel for the Land Bank to the Receiver expressly advising him that he was a "custodian" as defined by the Bankruptcy Code. In any event, the fact that this Court has, as of the filing of the Bankruptcy case, exclusive jurisdiction of the Debtor's property negates the arguments put forth by the Land Bank's counsel. Nor is the Land Bank's case bolstered by the citation of cases such as *In re Dayton Coal and Iron Company*, 291 F. 390 (E.D.Tenn.1922), which was handed down under the Bankruptcy Act and where the Bankruptcy

Court could only deal with property which was actually in its possession. Under the law then in effect, if the State Court Receiver had been appointed and had taken possession and control of the Debtor's property, the Bankruptcy Court had no jurisdiction over that property. Cases decided under that act have no applicability under the Bankruptcy Code.

This Court, having determined that it cannot revest possession and control of the Debtor's property in a terminated receivership, finds that no purpose is served by conducting a full evidentiary hearing on the question of whether the continuation of the Receiver would be in the best interest of the creditors.

■ The Land Bank has complained that this Court's interpretation of § 543(d) of the Code effectively prevents a party from enjoying the benefits of that section, since a receiver would always be required to turn over the property immediately thereby depriving a creditor of the opportunity to continue the receiver "after notice and hearing." The Court does not agree. As noted above, there is nothing in § 543 which specifies the time within which the receiver must deliver up possession of the property. If a motion is timely filed by an interested party to excuse compliance with the turnover provision, then it appears that, pending a hearing, the receiver may retain possession without fear of being cited in contempt. If necessary, parties can move to shorten the time for a hearing to expedite a determination in this regard. This proper course of procedure was in fact applied in the case of *In re WPAS, Inc.* 6 B.R. 40 (Bkrtcy.Fla.1980). See 4 Collier on Bankruptcy, para. 543.01, pps. 543–8, 9 (15th ed., 1985).

Having determined that this Court cannot, under § 543(d) of the Bankruptcy Code, undo what has been done by removing the Debtor from possession of its property and revesting the State Court Receiver with such possession, the Motion of the Land Bank to continue the Receiver-in-Pos-

session must be and accordingly hereby is denied.