| PROFESSIONAL PERSON | NUMBER OF HOURS LISTED | RATE PER HOUR | TOTAL |
|---|---|---|---|
| L.C.T. | 53.40 | $ 80 | $ 4,272.00 |
| L.G.K. | 2.10 | 90 | 189.00 |
| S.L.K. | 0.50 | 135 | 67.50 |
| A.R.K. | 1.20 | 95 | 114.00 |
| E.G.S. | 1.40 | 170 | 238.00 |
| J.F.S. | 112.50 | 90 | 10,125.00 |
| E.M.M. | 80.30 | 140 | 11,242.00 |
| D.D.H. | 78.50 | 125 | 9,812.50 |
| A.S.R. | 110.20 | 165 | 18,183.00 |
| S.A.G. | 8.60 | 75 | 645.00 |
| K.C.K. | 31.50 | 75 | 2,362.50 |
| D.M.N. | 32.40 | 60 | 1,944.00 |
| K.L.K. | 28.90 | 105 | 3,034.50 |
| M.A.B. | 65.80 | 75 | 4,935.00 |
| C.E.M. | 8.50 | 60 | 510.00 |
| D.A.W. | 35.70 | 100 | 3,570.00 |
| R.D.L. | 98.80 | 125 | 12,350.00 |
| M.B.D. | 44.50 | 60 | 2,670.00 |
| T.J.N. | 19.10 | 95 | 1,814.50 |
| L.A.D. | 109.0 | 175 | 19,075.00 |
| D.J.K. | 23.10 | 60 | 1,386.00 |
| C.M.BAK. | 51.80 | 100 | 5,180.00 |
| K.F.O. | 1.00 | 135 | 135.00 |
| C.M.BARC. | .30 | 80 | 24.00 |
| J.P.B. | 26.70 | 60 | 1,602.00 |
| G.H.F. | 13.00 | 145 | 1,885.00 |
| R.A.W. | 2.20 | 80 | 176.00 |
| S.N.F. | .10 | 155 | 15.50 |
| L.P.B. | 1.50 | 60 | 90.00 |
| D.I.H. | .20 | 95 | 19.00 |
| B.A.B. | .50 | 175 | 87.50 |
| | | TOTAL | $117,753.50 |

In re Scott Matthew HUCKE, Debtor.

Scott Matthew HUCKE, Plaintiff,

v.

STATE OF OREGON, By and Through the DIVISION OF CORRECTIONS, DEPARTMENT OF HUMAN RESOURCES; and Harl H. Haas, individually and in his capacity as a Circuit Court Judge for the Fourth Judicial District, State of Oregon, Defendants.

Bankruptcy No. 390–35394–H13.
Adv. No. 91–3124.
Civ. No. 91–672–PA.

United States District Court,
D. Oregon.

July 11, 1991.

Michael R. Blaskowsky, Todd Trierweiler, Portland, Or., for plaintiff.

Dave Frohnmayer, Atty. Gen., Daniel H. Rosenhouse, Asst. Atty. Gen., Dept. of Justice, Portland, Or., for defendants.

## AMENDED OPINION

PANNER, District Judge.

Plaintiff, a debtor in bankruptcy, brings this adversary action seeking his release from state custody for a probation violation. I find the state in violation of the automatic stay of the Bankruptcy Code and direct plaintiff's release from custody.

## FACTUAL BACKGROUND

On May 29, 1990, plaintiff, Scott Hucke, pleaded guilty to first degree rape. Multnomah County Circuit Court Judge Harl H. Haas sentenced plaintiff to five years' pro-

bation. Judge Haas also ordered plaintiff to pay to the Multnomah County Court Administrator's Office a $50 penalty assessment, $1,135 restitution to the victim, and a $20,000 compensatory fine.

On October 10, 1990, plaintiff filed a petition for relief under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Oregon. Plaintiff listed the Office of the Multnomah County Court Administrator and three other unsecured creditors on his schedules. Plaintiff's plan proposed to pay his creditors, including the Court Administrator, approximately 20% of his debt under a three-year plan. No creditors appeared at the meeting of creditors, and none filed objections. On January 11, 1991, the Bankruptcy Court confirmed plaintiff's plan.

No creditor sought or obtained relief from the automatic stay imposed by 11 U.S.C. § 362(a).

On January 14, 1991, Judge Haas sent plaintiff a letter alleging plaintiff was in violation of his probation, and scheduling a probation revocation hearing. On February 5, 1991, plaintiff filed an action in this court seeking to enjoin Judge Haas from conducting the probation revocation hearing. District Judge James A. Redden denied the motion and dismissed the action without prejudice. (No. CV91–117–RE, Feb. 8, 1991).

On February 8, and March 1, 1991, Judge Haas conducted the probation revocation hearing. Representing the state, the deputy district attorney explained to the court:

> The case before the court is a probation violation hearing, the defendant having failed to comply with the court order of payment of restitution.

Judge Haas found plaintiff in violation of his probation. Judge Haas revoked probation and sentenced plaintiff to three years' imprisonment. Plaintiff was immediately incarcerated and is now serving that sentence.

Plaintiff brought this adversary action in Bankruptcy Court against the State of Oregon and Judge Haas[1] for violating the

---

1. Plaintiff sued Judge Haas individually and in   his official capacity. The Bankruptcy Judge dis-

automatic stay of the Bankruptcy Code. Granting plaintiff's motion for summary judgment, Henry L. Hess, Jr., United States Bankruptcy Judge, entered an Order declaring "void" the state court's judgment revoking probation. 127 B.R. 258.

According to Judge Hess, the following is undisputed: (1) But for plaintiff's failure to pay, there would have been no revocation hearing; and (2) there is no evidence of any problem with plaintiff's conduct while on probation other than plaintiff's failure to pay. (Opinion at 262). The materials submitted to this court do not contradict those facts.

Judge Hess held that the subjective motive behind revoking plaintiff's probation is irrelevant. "[W]here the state can point to no violation of the conditions of the probation obligation after filing a [chapter 13 bankruptcy], resentencing is prohibited by the automatic stay." (Opinion at 263).

## PROCEDURAL ISSUES

Judge Hess declined to order plaintiff's release. Instead, Judge Hess forwarded his opinion to this court with a proposed order for this court to adopt his findings and conclusions and order the immediate release of plaintiff. The State of Oregon filed objections and an appeal from Judge Hess' Order and filed a motion for withdrawal of reference from the Bankruptcy Court. Plaintiff filed a motion seeking expedited consideration of the order to release plaintiff from custody.

■ An adversary proceeding in a bankruptcy case can reach the district court in three different ways. First, one or both of the parties can appeal a final decision concerning a "core" matter of the bankruptcy court. 28 U.S.C. § 158. Second, *sua sponte*, or on the motion of a party, the district court can withdraw its reference to the bankruptcy court pursuant to 28 U.S.C. § 157(d). Third, the bankruptcy judge can submit to the district court its proposed findings of fact and conclusions of law concerning any bankruptcy-related matter

missed the action against Judge Haas in his individual capacity. That ruling was uncontest-

that is not a "core" matter. The district court will then review *de novo* any matter to which any party has filed objections. 28 U.S.C. § 157(c)(1).

Here, it is uncertain whether this court is sitting on appeal, entertaining objections, or acting at the request of the bankruptcy judge.

■ To clear up the procedural confusion, I grant defendant's motion for withdrawal of reference from the bankruptcy court. 28 U.S.C. § 157(d). I will review this matter *de novo*.

## DISCUSSION

The following legal issues are presented: (1) Whether the state court violated the automatic stay by revoking probation; and (2) Whether plaintiff must exhaust all state court remedies before filing an action in federal court.

### 1. *State Court Remedies*

■ The state argues that plaintiff's claim lies properly as a petition for a writ of habeas corpus. The state contends that such a petition in this case was untimely because plaintiff did not exhaust his state court remedies. 28 U.S.C. § 2254 provides, in part:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

In *Preiser v. Rodriguez*, 411 U.S. 475, 488–89, 93 S.Ct. 1827, 1835–36, 36 L.Ed.2d 439 (1973), the Supreme Court held that prisoners challenging the duration of their confinement could not circumvent the habeas corpus exhaustion requirement by bringing their cases as civil rights violations under 42 U.S.C. § 1983.

The state argues that since plaintiff is challenging confinement, he must first ex-

ed, and I see no reason to disturb it.

haust his state court remedies before bringing a habeas action.

Judge Hess rejected that argument on several grounds. First, Judge Hess held that the Bankruptcy Code empowers the Bankruptcy Court to issue any order necessary or appropriate to carry out the provisions of the code. Unlike 42 U.S.C. § 1983, the Bankruptcy Code includes a provision giving the court broad powers. 11 U.S.C. § 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

Therefore, according to Judge Hess, a debtor seeking to enforce rights under the Bankruptcy Code is not limited to a petition for writ of habeas corpus.

Second, Judge Hess ruled that, even if habeas corpus is the only procedural remedy, plaintiff was exempt from exhausting state remedies because of the "existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b). Judge Hess reasoned that the state court appeal process would have been so delayed and uncertain as to render it ineffective.

The state contends that the Bankruptcy Code should be construed no broader than the civil rights laws. The state reasons that, since deprivation of liberty alone is insufficient to waive exhaustion, rights under the Bankruptcy Code should not constitute cause to waive the requirement.

I agree with Judge Hess. Plaintiff's incarceration not only deprives plaintiff of his liberty, it interferes with plaintiff's right to meet his obligations under his confirmed bankruptcy plan; it interferes with the rights of his creditors, including the rape victim; and it interferes with the Bankruptcy Court's administration of the debtor's estate.

Plaintiff charges that the state court judgment was imposed in violation of the federal bankruptcy laws. The specific inquiry in plaintiff's action is whether the state court violated the Bankruptcy Code by incarcerating plaintiff. The viability of the bankruptcy is hanging in the balance.

The state should not be permitted to detain plaintiff while the state appellate system takes its time to determine an issue of bankruptcy law. Original jurisdiction of bankruptcy cases is exclusively in the Bankruptcy Court for the district in which the debtor resides.

## 2. *The Automatic Stay*

The more significant inquiry is whether the state court violated the automatic stay of the Bankruptcy Code. The filing of a bankruptcy petition "operates as a stay, applicable to all entities, of ... any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(6). However, it does not operate as a stay "of the commencement or continuation of a criminal action or proceeding against the debtor." 11 U.S.C. § 362(b)(1).

The state argues that the state's revocation of probation did not violate the stay because the state was not attempting to collect on a debt. Rather, the state revoked probation because the purposes of probation were not being served. The state concedes that the debt is dischargeable through plaintiff's Chapter 13 plan.

■ There is no dispute that, but for the bankruptcy filing, there would have been no revocation hearing. There is also no dispute that the only condition of probation plaintiff "violated" was his failure to pay restitution.

The Supreme Court recently held that a state-imposed restitution obligation arising from a criminal proceeding is a dischargeable debt under chapter 13. *Pennsylvania Dep't of Public Welfare v. Davenport*, — U.S. —, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990). In that case, after the discharge order was entered, the state court did not revoke probation, but it found that the debt was still owing.

Judge Hess wrote, it would be incongruous to rule that a restitution debt is dischargeable, but that the automatic stay does not protect a debtor from being punished for providing for such discharge in a chapter 13 plan. I agree. The United

States Bankruptcy laws are historically grounded in protecting citizens from the debtors' prisons existing in 19th Century England.

■ The state also argues that the probation revocation hearing was a criminal proceeding excepted from the automatic stay. That argument is also unavailing. In *Davenport*, the Court acknowledges that the automatic stay is not a bar to prosecution of alleged criminal offenses. However, the stay "preclude[s] probation officials from enforcing restitution orders while a debtor seeks relief under Chapter 13." *Davenport*, 110 S.Ct. at 2132. If the state court could simply jail a debtor who seeks to discharge a restitution obligation, *Davenport* would be, in Judge Hess' word, emasculated.

Defendant cites the possible chilling effect on future probation sentences if plaintiff is ordered released from jail. That concern is insignificant. After *Davenport* and this case, Congress amended the bankruptcy laws to except criminal restitution from discharge under Chapter 13. *See* Pub.L. 101–581, 104 Stat. 2865 (Nov. 15, 1990) (adding 11 U.S.C. § 1328(a)(3)).

Applying *Davenport*, the state violated the automatic stay, and the judgment revoking probation is void. *In re Stringer*, 847 F.2d 549 (9th Cir.1988). Accordingly, plaintiff should be released and his plan be permitted to continue.

## CONCLUSION

Defendants' motion for withdrawal of reference is granted. Plaintiff's motion for summary judgment is granted, except that the action is dismissed against defendant Haas in his individual capacity. The state court judgment of March 5, 1991, revoking plaintiff's probation is declared VOID, in violation of 11 U.S.C. § 362(a). Defendants shall immediately cause the release of plaintiff from custody.