In re Richard E. WASHINGTON.

Richard E. WASHINGTON, Plaintiff,

v.

Hon. Milas HALE, Judge, Sherwood Municipal Court, Defendant.

Bankruptcy No. 91–42838S.
AP No. 92-4040.

United States Bankruptcy Court,
E.D. Arkansas, W.D.

Oct. 9, 1992.

Thomas Byarlay, Little Rock, Ark., for debtor.

Bob Dawson, Little Rock, Ark., for defendant.

## MEMORANDUM OPINION

MARY D. SCOTT, Bankruptcy Judge.

Now before the Court is a complaint requesting injunctive relief: the issue in this case is whether a state court should be enjoined from incarcerating the debtor. On April 3, 1992, the debtor filed a complaint for injunctive relief naming a judge of the Sherwood Municipal Court as a party defendant. The complaint requests that the Sherwood Municipal Court be enjoined "from attempting to collect fines, costs and restitution from the debtor for failure to pay his fines directly to the Sherwood Municipal Court." The city attorney filed an

answer on behalf of the court, asserting that the judge was an improper defendant, denied the merits of the claim, and requested that the complaint be dismissed.

At a preliminary hearing held on May 19, 1992, the parties proposed that they stipulate to the facts in this case and submit briefs in support of their respective positions. The Court issued an Order temporarily enjoining incarceration of the debtor pending final resolution on the merits. The parties filed their briefs within the time required by the Court, but did not file the stipulation of facts until July 22, 1992.

The matter is now ripe for determination. The Court has before it the stipulation signed by the parties. Statements of counsel, not in stipulated form, are not evidence. Thus, in determining the facts, this Court looks not to the arguments of counsel, but the evidence submitted.

 Parties are bound by their stipulations. *O'Connor v. City & County of Denver,* 894 F.2d 1210, 1225 (10th Cir. 1990); *Morelock v. NCR Corporation,* 586 F.2d 1096, 1107 (6th Cir.1978), *cert. denied,* 441 U.S. 906, 99 S.Ct. 1995, 60 L.Ed.2d 375 (1979). Where parties submit matters on the written record, the parties have authorized the judge to decide the issues of material fact that exist, whether or not argued or even anticipated by the parties. *Boston Five Cents Savings Bank v. Department of Housing and Urban Development,* 768 F.2d 5, 11–12 (1st Cir.1985). This is distinguishable from the situation in which the parties submit the matter on cross-motions for summary judgment. If cross-motions for summary judgment are filed, an issue of fact will require that the Court set the matter for trial in order to hear additional evidence. *Id.* In the case at bar, the parties have authorized the Court to decide the facts on the evidence they have submitted.

### The Stipulation of Facts

The stipulation submitted to the Court states in full:

"1. Richard E. Washington is an individual residing in Pulaski County, Arkansas.

"2. Honorable Milas Hale is the duly elected Judge of the Sherwood Municipal Court and the Municipal Court of Sherwood, Arkansas exists pursuant to the Constitution of the State of Arkansas.

"3. On November 15, 1991, Debtor filed his Voluntary Petition for Relief pursuant to Chapter 13 of the Bankruptcy Code. The case was assigned No. 91–4–2838 and was assigned to the Honorable Mary Davies Scott, Bankruptcy Judge.

"4. As of the date of the filing of his Petition, the Debtor acknowledged having written a number of insufficient fund checks to various individuals and businesses in Central Arkansas. A copy of the debtor's ledger card from the Sherwood Municipal Court Hot Check Division is attached hereto, marked Exhibit "A" and made a part hereof as if set out word for word herein.

"5. Debtor proposed to pay the insufficient funds checks over the course of his plan wherein he proposed to pay $85.00 per month for a period of 36–months.

"6. The Sherwood Municipal Court received notice of the filing of the Bankruptcy and of the automatic stay.

"7. The Debtor pled guilty to the charge of hot checks in Sherwood Municipal Court and agreed to make regular monthly payments to the Court to pay out the fine, costs and to make restitution to the victim. The Debtor, however, was unable to comply with the payment schedule proposed by the Court and defaulted on his payment schedule. At the time of his default, the defendant owed $415.86.

"8. Sherwood Municipal Court issued warrant of arrest number 928C04220, a copy of which is attached hereto as Exhibit "B",[1] charging the debtor with the offense of failure to pay fines apparently under the provisions of Ark.Code Ann. § 5–4–203. The defendant was arrested and subsequently released by the Sherwood Municipal Court upon the debtor's agreement to

---

1. The warrant is dated March 9, 1992.

make a payment of $25.00 monthly against the indebtedness owed to the Court.

"9. The debtor asked the Court to be allowed to pay the balance due through his Bankruptcy Plan, but was refused by the Court. Subsequent to the Court's refusal, the present action was initiated by debtor.

"10. The total amount due and owing the Municipal Court of Sherwood, Arkansas as of the date of this Stipulation is $___ [sic] pay monthly payments of $25.00 beginning April 4, 1992.

"11. On May 4, 1992, Debtor paid $20.00 and has now a balance due of $338.95 for restitution, costs, and fines, and at the present time, Debtor owes $257.59 towards costs and fines. Debtor has filed for relief under Chapter 13 and the Sherwood Municipal Court has been notified of his plan."

The complaint requests a preliminary injunction against the Honorable Milas Hale, Judge of the Sherwood Municipal Court.

### Authority to Issue the Injunction

■ This matter presents particularly troublesome issues for the Court inasmuch as the debtor is requesting relief against another court. The interests of judicial restraint and comity militate against issuing an injunction against another court. Indeed, these policies have been embodied in statute, 28 U.S.C. § 2283, which restricts in part the authority of a federal court to enjoin actions of other courts. Section 2283 provides:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

■ The Bankruptcy Court order for relief and imposition of the automatic stay is basic to its jurisdiction and necessary to carry out the provisions of title 11 and effectuate its judgments. See In re Kreisers, Inc., 112 B.R. 996, 999 (Bankr.D.S.D.

1990) ("The expressly authorized exemption in 28 U.S.C. § 2283 includes a bankruptcy court's equitable power to do whatever is necessary to aid in its jurisdiction."). Accordingly, this statute does not preclude an injunction by the Bankruptcy Court against state court proceedings. See Browning v. Navarro, 826 F.2d 335, 340 n. 8, reh'g denied en banc, 830 F.2d 1126 (5th Cir. 1987); see also In re G.S.F. Corporation, 938 F.2d 1467, 1477–78 (1st Cir.1991).

### Probation Revocation and Collection Are Violations of the Automatic Stay

■ The debtor argues that obligation to pay restitution, costs and fines is a debt as recognized by the Bankruptcy Code. Accordingly, the efforts of the City, including an action to incarcerate the debtor for failure to pay the fine and/or restitution, is a violation of the automatic stay. The debtor does not contest the City's assertion that the debts are nondischargeable.

The City Attorney argues that the automatic stay is inapplicable to the instant proceedings inasmuch as the actions of the Municipal Court constitute "commencement or continuation of a criminal action or proceeding against a debtor," under 11 U.S.C. § 362(b)(1). The City further asserts that to prohibit collection of restitution would create a haven for criminal offenders in the Bankruptcy Court.

This is the argument that was rejected by the Supreme Court in Pennsylvania Department of Public Welfare v. Davenport, 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990).[2] The Supreme Court stated:

Section 362(b)(1) ensures that the automatic stay provision is not construed to bar federal or state prosecution of alleged criminal offenses. It is not an irrational or inconsistent policy choice to permit prosecution of criminal offenses during the pendency of a bankruptcy action and at the same time to preclude

---

**2.** Pennsylvania Department of Public Welfare v. Davenport, 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990) controls the determination of this issue. While the portion of that decision which holds restitution is dischargeable has been reversed by statute, 11 U.S.C. § 1328(a), the remainder of the opinion of the Court is good law.

*probation officials from enforcing restitution orders while a debtor seeks relief under Chapter 13.*

*Id.* at 560–61, 110 S.Ct. at 2132 (emphasis added). Thus, section 362(a) *does* preclude enforcement of restitution orders while a debtor seeks relief under Chapter 13. Thus, the City would be in violation of the automatic stay in bankruptcy if it acted upon the debtor's failure to pay the fines or restitution. *Hucke v. State of Oregon,* 128 B.R. 675 (D.Ore.1991).

The City asserts that Ark.Code Ann. § 5–4–203 sets forth a particular crime under which it may proceed without the application of the automatic stay. This section, however, is the statutory authority by which the Court or the prosecutor may proceed upon non-payment: it is a means by which the monetary orders may be enforced. In substance, the statute is a method by which the prosecution or the court proceeds with regard to the prior conviction: it does not set forth a separate crime, but establishes standards and defenses when a defendant does not pay a particular fine or other penalty. Accordingly, it is not a crime in which prosecution is excepted from application of the automatic stay in bankruptcy.

In *Davenport,* the Supreme Court realized that the application of section 362 of the Bankruptcy Code would "hamper the flexibility of state criminal judges in fashioning appropriate sentences and require state prosecutors to participate in federal bankruptcy proceedings to safeguard state interests." *Id.,* 495 U.S. at 564, 110 S.Ct. at 2133 (citing *Kelly v. Robinson,* 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986)). The Court also noted that the automatic stay constituted an intrusion into the operation of the state courts, stating that while "the legitimate state interest in avoiding such intrusions is not lessened simply because the offender files under Chapter 13," the concerns regarding judicial restraint "cannot justify rewriting the [Bankruptcy]

Code to avoid federal intrusion." *Davenport,* 495 U.S. at 564, 110 S.Ct. at 2133.

### Should An Injunction Issue?

■ The fact that the automatic stay prohibits actions by the Municipal Court or City to collect the fine or restitution, does not dispose of the issue before the Court. The debtor must demonstrate that there is a real and present danger that the Municipal Court will proceed in violation of federal law. The debtor fails in his burden of proof because there is, at this juncture, insufficient proof of the danger of irreparable injury. The evidence that the Municipal Court seeks to incarcerate the debtor is found in paragraph 9 of the stipulation:

> The debtor asked the [Sherwood Municipal] Court to be allowed to pay the balance due through his Bankruptcy Plan, but was refused by the Court.

The proof before the Court is, thus, that the state court denied a request to pay the fine and restitution through his bankruptcy plan.[3] Debtor asserts that this constitutes proof that the City of Sherwood will proceed with collection of the fine or restitution despite existence of the automatic stay.

The error in debtor's assertion stems from the lack of evidence of the grounds under which the request was denied. No evidence to the contrary, this Court believes it more likely that such a request was denied by the Municipal Court for lack of a justiciable controversy: it is not for a state court to determine what may or may not be provided in a Chapter 13 plan. The City of Sherwood, as a creditor, may object to any proposed chapter 13 plan and the matter brought on for hearing before this Court. That is the manner in which it is determined whether debtor may pay its fine and restitution through his bankruptcy plan. Since the state court did not have jurisdiction to determine the contents of the plan, it was appropriate for the Municipal Court to deny the request to include the fine or restitution in the plan.

---

**3.** The stipulation also provides that an arrest warrant was previously issued. That warrant is not outstanding.

Thus, the fact that the state court denied a motion to pay the funds through the chapter 13 plan is insufficient to meet the burden of demonstrating that a danger of future violation exists. The danger of a future violation must be more than a mere possibility. *Rogers v. Scurr,* 676 F.2d 1211, 1214 (8th Cir.1982). As stated in *Rogers,*

> The dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights, be those rights protected by statute or by the common law.

*Id.* This Court believes that, like the circumstances in *Rogers,*[4] judicial restraint is imperative in confronting the problematic issue of whether a state court should be enjoined when proceeding in the course of its authorized duties. While federal law in this instance clearly precludes the state court from proceeding with probation revocation or collection of the fines, the debtor carries a heavy burden in demonstrating that the state court in fact will violate the automatic stay.

Finally, the Court notes that this does not entirely preclude the proper authority from proceeding with a probation revocation hearing. If the proper entity wished to proceed under Ark.Code § 5–4–203 or otherwise take action against the debtor, it could move the Bankruptcy Court for relief from stay in order to bring that matter before the state court.

### Conclusion

The debtor is correct in his assertion that the automatic stay prohibits collection efforts by the City, including arrest for failure to pay the restitution or fine, setting any hearing regarding the failure to pay the fines, or incarcerating the debtor for failure to pay the restitution or fine. However, the Court does not find that there is sufficient evidence that the Sherwood Municipal Court or any other entity in fact seeks to violate the automatic stay in bank-

ruptcy. Until such time as there is actually issued an arrest warrant, probation revocation hearing is set, or other proceeding in aid of collection is noticed, this Court will not issue an injunction against another court. The parameters of section 362(b)(1) were clearly stated in *Davenport,* 495 U.S. 552, 110 S.Ct. 2126. This Court will not assume that the Sherwood Municipal Court will not follow the controlling federal law as announced by the Supreme Court of the United States. Accordingly, the Court will enter judgment in favor of the defendant.

IT IS SO ORDERED.

---

**4.** *Rogers* addressed an injunction action against

state prison officials.