In re Daniel F. CARLIN, Pride L. Carlin, Debtors.

Daniel and Pride Carlin, Debtors, Plaintiffs,

v.

Rogers District Court, Bentonville District Court, Defendants.

Bankruptcy No. 5:00–bk–81379.
Adversary No. 5:01–ap–8075.

United States Bankruptcy Court,
W.D. Arkansas,
Fayetteville Division.

March 8, 2002.

James O. Wyre, II, Attorney at Law, Conway, AR, for debtors.

Camille Thompson, Attorney at Law, Jim H. Clark, Clark & Clark, Robin F. Green, Benton County Attorney's Office, Bentonville, AR, Tamra L. Cochran, Cochran, Schneider & Croxton, P.A., Ben Lipscomb, Attorney at Law, Rogers, AR, for defendants.

## ORDER DENYING ROGERS DISTRICT COURT'S AND BENTONVILLE DISTRICT COURT'S MOTIONS FOR SUMMARY JUDGMENT AND SETTING PRE–TRIAL CONFERENCE

ROBERT F. FUSSELL, Bankruptcy Judge.

Pending before the Court are two motions for summary judgment in the above captioned adversary proceeding. On December 18, 2001, the Rogers District Court filed its motion for summary judgment alleging Eleventh Amendment sovereign immunity. On December 17, 2001, the Bentonville District Court filed its motion for summary judgment alleging Eleventh Amendment sovereign immunity and raising 11 U.S.C. § 362(b)(1) as a defense to

its alleged violation of the automatic stay. The debtors did not respond to either of the motions for summary judgment. For the reasons stated below, the Court denies Rogers District Court's and Bentonville District Court's motions for summary judgment.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a), and it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56 provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).[1] The burden is on the moving party to establish the absence of a material fact and identify portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-moving party to go beyond its pleadings to show that there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. 2548. When ruling on a summary judgment motion, the court views the facts in the light most favorable to the non-moving party and allows that party the benefit of all reasonable inferences to be drawn from the evidence. *Ferguson v. Cape Girardeau County,* 88 F.3d 647, 649–50 (8th Cir.1996).

## ANALYSIS

Both Rogers District Court and Bentonville District Court move for summary judgment based on sovereign immunity. They argue that they are immune from lawsuits by citizens of the state pursuant to the Eleventh Amendment to the United States Constitution. Bentonville District Court also argues that its action does not constitute a violation of the stay because 11 U.S.C. § 362(b)(1) specifically excepts the commencement or continuation of a criminal action or proceeding against the debtor from operation of the stay. To determine whether Rogers District Court and Bentonville District Court are entitled to summary judgment, the Court must decide two issues: (1) whether Rogers District Court and Bentonville District Court are entitled to Eleventh Amendment sovereign immunity, and (2) whether 11 U.S.C. § 362(b)(1) is applicable to the facts of this case. Because both Rogers District Court and Bentonville District Court argue that they are entitled to sovereign immunity, the Court will address that argument first.

### Sovereign Immunity

 Both Rogers District Court and Bentonville District Court argue that they are agencies of the state, and, as such, are immune from suit pursuant to the Eleventh Amendment to the United States Constitution. The Eleventh Amendment immunizes an unconsenting state from damage actions brought in federal court, except when Congress has abrogated that immunity for a particular federal cause of action. *See Will v. Michigan Dept. of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). However, Eleventh Amendment immunity does not extend to independent political subdivisions such as counties and cities. *Walters v. Sherwood Municipal Court,* 219 B.R. 520, 523 (Bankr.W.D.Ark.1998) (finding that Eleventh Amendment sovereign immunity

---

1. Fed. R. Bankr.P. 7056 states that Fed. R.Civ.P. 56 applies in adversary proceedings.

did not extend to Sherwood Municipal Court).

▬ Rogers District Court attempts to distinguish *Walters* because it was decided prior to the adoption of Amendment 80 to the Arkansas Constitution. Specifically, Rogers District Court argues that Amendment 80 converted all existing municipal courts in the state into "district courts" on July 1, 2001. Rogers District Court further argues that as a part of the "state court system," district courts are now state agencies and, thus, immune from lawsuits under the Eleventh Amendment, absent a waiver of that immunity. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996).

Amendment 80 provides that district courts "shall have the jurisdiction vested in Municipal Courts, Corporation Courts, Police Courts, Justice of the Peace Courts, and Courts of Common Pleas at the time this Amendment takes effect," July 1, 2001. Ark. Const. amend. 80 § 19. However, Amendment 80 also provides that district courts "shall assume the jurisdiction of these courts of limited jurisdiction and other jurisdiction conferred in this Amendment on January 1, 2005." *Id.* There is a distinction between the district courts "having the jurisdiction" and "assuming the jurisdiction." While the district courts may have the jurisdiction of these courts of limited jurisdiction on July 1, 2001, these courts of limited jurisdiction will not become district courts until January 1, 2005. Rogers District Court has confused the effective date of the Amendment 80 with the effective date of the conversion of the court system. According to the language of Amendment 80, "[e]ffective on January 1, 2005, the District Courts shall be regarded as a continuation of the Municipal Courts, Corporation Courts, Police Courts, Justice of the Peace Courts and Courts of Common Pleas now

existing." *Id.* While the Amendment may have become effective on July 1, 2001, municipal courts will not assume the jurisdiction of district courts until January 1, 2005.

In addition to finding that Rogers District Court and Bentonville District Court are political subdivisions of municipalities and not entitled to Eleventh Amendment immunity, Rogers District Court waived any immunity to which it may otherwise have been entitled when it filed its proof of claim in the debtors' bankruptcy case. Submission of a proof of claim by a state is sufficient to waive any immunity that it otherwise might have had respecting the adjudication of the claim. *Gardner v. New Jersey*, 329 U.S. 565, 574, 67 S.Ct. 467, 91 L.Ed. 504 (1947); *Rose v. U.S. Dept. of Education*, 187 F.3d 926 (8th Cir.1999). In this case, Rogers District Court filed a proof of claim on January 3, 2001, thereby waiving its alleged sovereign immunity.

## 11 U.S.C. § 362(b)(1)

Bentonville District Court also argues that it is entitled to a judgment as a matter of law because its action qualifies as an exception under 11 U.S.C. § 362(b)(1), which specifically excepts the commencement or continuation of a criminal action or proceeding against the debtor from operation of the stay. The purpose of the exception is to ensure that the automatic stay provision is not construed to bar federal or state prosecution of alleged criminal offenses. *Walters*, 219 B.R. at 528. To effectuate that purpose, courts have typically construed the exceptions to the application of the automatic stay in § 362(b) narrowly. *See Hillis Motors, Inc. v. Hawaii Automobile Dealers' Ass'n*, 997 F.2d 581, 590 (9th Cir.1993); *Washington v. Hale*, 146 B.R. 807 (Bankr.E.D.Ark. 1992).

▬ Further, any person or entity who takes action to collect a debt after the filing of a bankruptcy violates the stay

such that the action taken is invalid, or, under some authority, void. *Walters,* 219 B.R. at 526. *Walters* makes clear that section 362(a) not only imposes a stay of proceedings against the debtor, but that it also creates an affirmative duty on a creditor to cease actions that may violate the stay. *Id.* at 526. In *Walters,* the court concluded that a municipal court was in violation of the automatic stay in bankruptcy if it acts upon the debtor's failure to pay the fines or restitution. *Id. Walters* also stated that inadvertence, even through computer activity, does not negate either the fact of a violation or willfulness if there is knowledge by the court of the bankruptcy case. *Id.* at 526. Moreover, even the court, as a creditor, has an obligation to verify the bankruptcy filing and release the debtor if the sole purpose of the arrest was to collect a prepetition debt. *Id.* It is not an inconsistent policy choice to permit prosecution of criminal offenses during the pendency of a bankruptcy action and at the same time to preclude probation officials from enforcing restitution orders while a debtor seeks relief under Chapter 13. *Id.* at 528. The determination of whether an act violates the automatic stay and whether the act in this case was done for prosecution or for debt collection are material questions of fact.

## CONCLUSION

For the foregoing reasons, the Court denies the Rogers District Court's motion for summary judgment and the Bentonville District Court's motion for summary judgment. By this order, the Court sets a pretrial hearing on March 19, 2002, at 9:30 a.m. in the United States Bankruptcy Court, Fayetteville, Arkansas.

IT IS SO ORDERED.